COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DAVID E. WOOD, | § | No. 08-20-00108-CR |
| Appellant, | § | Appeal from the |
| v. | § | 358th District Court |
| THE STATE OF TEXAS, | § | of Ector County, Texas[1] |
| Appellee. | § | (TC# D-17-1993-CR) |

## MEMORANDUM OPINION

David Wood has filed an appeal from an order revoking his community supervision and adjudicating him guilty of aggravated sexual assault of a child. We modify the judgment to delete certain improperly assessed fees and affirm the judgment as modified.

## I. FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to

---

[1] We hear this case on transfer from the Eleventh Court of Appeals. *See* TEX.R.APP.P. 41.3

review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex.Crim.App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991) (en banc).

After carefully reviewing the record and counsel's brief, we find no reversible error that might arguably support the appeal, and accordingly, we conclude that the appeal is wholly frivolous and without merit. However, although there is no reversible error on this record, in accordance with the practice of the transferor court, we must review the fees assessed in this case and modify the judgment in the event certain fees were improperly assessed. *See Hutson v. State*, No. 11-19-00037-CR, 2019 WL 4316864 (Tex.App.--Eastland Sept. 12, 2019, pet. filed) (per curiam) (mem. op., not designated for publication) (striking certain fees from a trial court judgment in an Anders appeal); *Vinyard v. State*, No. 08-19-00169-CR, 2020 WL 5056517 (Tex.App.--El Paso Aug. 27, 2020, no pet.) (mem. op., not designated for publication) (modifying judgment to strike certain fees in accordance with *Hutson* and affirming the judgment as modified in an Anders case transferred to this Court from the Eastland Court of Appeals).

Here, the order of adjudication references $2,000 in fines owed under the terms of the deferred adjudication order, along with $815 in court costs,[2] $260 in restitution to the Ector County Adult Probation Department, and $80 in reimbursement fees. However, the $260 restitution award is not enforceable because the trial court may only order a defendant sentenced to imprisonment to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency

---

[2] The $2,815 amount of fines and court costs is the amount identified as remaining outstanding from the original March 18, 2019, deferred adjudication order.

of the State of Texas. *See Hutson*, 2019 WL 4316864, at *2.

Further, the March 19, 2019, deferred adjudication order contains a special finding requiring Appellant to pay a $50 Crime Stoppers fee. When a person is convicted of an offense, a separately assessed $50 fee for Crime Stoppers is inappropriate unless the defendant is ordered to repay all or part of a specific reward paid by a crime stoppers organization related to the prosecution of the defendant. *See id*. Because nothing in the appellate record reflects that any reward was paid by a crime stoppers organization with respect to the prosecution of Appellant, we modify the trial court's judgment to delete the $50 Crime Stoppers fee. *Id*.

## II. CONCLUSION

In sum, we modify the trial court's judgment to (1) strike the $260 in restitution to the Ector County Adult Probation Department, and (2) reduce the amount of court costs from $815 to $765 to reflect the deduction of the improperly assessed $50 Crime Stoppers fee. As modified, the judgment of the trial court is affirmed, and counsel's motion to withdraw is granted.

JEFF ALLEY, Chief Justice

December 17, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)